UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
Katrina Coyle, Jackelyne Garcia Cruz, and Steven Fink,

                        *Plaintiffs,*

           -*against*-

Mito Smith Haven Inc.,

                        *Defendant*.
--------------------------------------------------------------------X

Case No.:

**COMPLAINT**

Jury Trial Demanded

Plaintiffs Katrina Coyle, Jackelyne Garcia Cruz, and Steven Fink (collectively, the "Plaintiffs"), brings this complaint against Defendant Mito Smith Haven Inc. (the "Defendant") and states as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this lawsuit seeking recovery, against Defendant's violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting NYDOL regulations.

2. Plaintiffs seek to recover unpaid minimum wages, overtime wages, unlawfully retained gratuities, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

4. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF KATRINA COYLE**

6. Plaintiff Katrina Coyle was employed as a server at Defendant's restaurant known as "Mito Modern Japanese Cuisine Lounge" located at 476 Smith Haven Mall, Lake Grove, NY 11755.

7. Plaintiff Katrina Coyle was employed as a non-managerial employee at Mito Modern Japanese Cuisine Lounge from on or around January 2024 to, through and including, January 2025.

8. At all relevant times, Plaintiff Katrina Coyle has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF JACKELYNE GARCIA CRUZ**

9. Plaintiff Jackelyne Garcia Cruz was employed as a server and hostess at Defendant's restaurant known as "Mito Modern Japanese Cuisine Lounge" located at 476 Smith Haven Mall, Lake Grove, NY 11755.

10. Plaintiff Jackelyne Garcia Cruz was employed as a non-managerial employee at Mito Modern Japanese Cuisine Lounge from on or around May 2023 to, through and including, December 22, 2024.

11. At all relevant times, Plaintiff Jackelyne Garcia Cruz has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF STEVEN FINK**

12. Plaintiff Steven Fink was employed as a server and bartender at Defendant's restaurant known as "Mito Modern Japanese Cuisine Lounge" located at 476 Smith Haven Mall, Lake Grove, NY 11755.

13. Plaintiff Steven Fink was employed as a non-managerial employee at Mito Modern Japanese Cuisine Lounge from on or around January 2024 to, through and including, November 2024.

14. At all relevant times, Plaintiff Steven Fink has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT MITO SMITH HAVEN INC.**

15. Upon information and belief, Defendant Mito Smith Haven Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains the principal place of business at 476 Smith Haven Mall, Lake Grove, NY 11755.

16. At all times relevant to this Complaint, Defendant Mito Smith Haven Inc. (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

17. At all times relevant to this Complaint, Defendant Mito Smith Haven Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

18. At all times relevant to this Complaint, Defendant Mito Smith Haven Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

3

employed employees, including Plaintiffs.

19. Defendant Mito Smith Haven Inc. possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

20. Defendant Mito Smith Haven Inc. had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaiing to Katrina Coyle*

21. Plaintiff Katrina Coyle was an employee of Defendant.

22. From approximately January 2024 to, through and including, January 2025, Plaintiff Katrina Coyle worked at Mito Modern Japanese Cuisine Lounge: five (5) to seven (7) days per week: from 5:00 p.m. to 10:00 p.m. or 12:00 a.m. (*i.e.*, 5 to 7 hours per day), or from 11:30 a.m. to 5:00 p.m. (*i.e.,* 5.5 hours per day), for a total period of approximately 35 to 49 hours during each of the weeks, respectively.

23. From approximately January 2024 to, through and including, January 2025, Plaintiff Katrina Coyle was paid an hourly wage of $10.50 for all hours worked respectively.

*Factual Allegations Pertaiing to Jackelyne Garcia Cruz*

24. Plaintiff Jackelyne Garcia Cruz was an employee of Defendant.

25. From approximately May 2023 to, through and including, December 22, 2024, Plaintiff Jackelyne Garcia Cruz worked at Mito Modern Japanese Cuisine Lounge: four (4) to five (5) days per week: from 11:00 a.m. to 8:00 p.m. or from 3:00 p.m. to 11:30 p.m. (*i.e.*, 8.5 hours

per day), for a total period of approximately 34 to 42.5 hours during each of the weeks, respectively.

26. From approximately May 2023 to, through and including, December 31, 2023 Plaintiff Jackelyne Garcia Cruz was paid an hourly wage of $10.00 for all hours worked respectively.

27. From approximately January 2024 to, through and including, December 22, 2024 Plaintiff Jackelyne Garcia Cruz was paid an hourly wage of $11.00 for all hours worked respectively.

*Factual Allegations Pertaiing to Steven Fink*

28. Plaintiff Steven Fink was an employee of Defendant.

29. From approximately January 2024 to, through and including, November 2024, Plaintiff Steven Fink worked at Mito Modern Japanese Cuisine Lounge: four (4) days per week: from 11:00 a.m. to 8:00 p.m. or from 3:00 p.m. to 11:30 p.m. (*i.e.*, 8.5 hours per day), for a total period of approximately 34 hours during each of the weeks, respectively.

30. From approximately January 2024 to, through and including, November 2024Plaintiff Steven Fink was paid an hourly wage of $10.50 for all hours worked respectively.

*Factual Allegations Pertaiing to all Plaintiffs*

31. Plaintiffs and other similarly situated individuals are individuals who have worked for Defendant in similarly-titled, hourly paid position, during the statutory period.

32. Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

33. At all relevant times hereto, Defendant maintained a policy and practice of unlawfully appropriating Plaintiffs', all other similarly situated individuals', tipped wages.

34. Specifically, Defendant required Plaintiffs, and all similarly situated individuals, to pool their tips pursuant to a mandated tip sharing scheme.

35. Defendant unlawfully withheld a percentage of Plaintiffs' tips, and all similarly situated individuals' tips, and distributed them to back-of-house employees, including, kitchen staff, as well as the Individual Defendant.

36. As the non-tipped individuals, Defendant's back-of-house employees, including, kitchen staff, as well as the Individual Defendant, should not have taken a share of Plaintiffs', and all similarly situated individuals' tips.

37. The employer-mandated tip sharing scheme imposed on Plaintiffs and other tipped employees is not customary.

38. The employer-mandated tip sharing imposed on Plaintiffs was not reasonable.

39. Defendant did not establish, maintain, and preserve records as required by law, or did not make any such records available to Plaintiffs or other participants in the mandated tip sharing scheme, that included: (1) a daily log of the tips collected by each employee on each shift, whether in cash or by credit card; (2) a list of occupations that the employer deemed eligible to receive tips through tip sharing; (3) the shares of tips that each occupation was scheduled to receive from tip sharing; and (4) the amount in tips that each employee received from the tip share by date.

40. Defendant did not post in a conspicuous place notices issued by the Department of Labor about wage and hour laws, tip appropriations, or illegal deduction provisions.

41. Defendant's conduct extended beyond Plaintiffs to all other similarly situated employees.

42. No notification, either in the form of posted notices, or other means, was ever given

to Plaintiffs regarding wages are required under the FLSA or NYLL.

43. Defendant did not provide Plaintiffs a statement of wages, as required by NYLL 195(3).

44. Defendant did not give any notice to Plaintiffs, in English, of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

45. At all relevant times, Defendant did not pay Plaintiffs at the rate of one and one-half times their hourly wage rate for hours worked in excess of forty per workweek.

## FIRST CLAIM
### (FLSA – Unpaid Minimum Wages, 29 U.S.C. § 201 *et seq*.)

46. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

47. Defendant willfully and intentionally failed to compensate the Plaintiff with the applicable minimum hourly wage in violation of the FLSA, 29 U.S. Code § 206.

48. Defendant has failed to make a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs.

49. Due to Defendant's violations of the FLSA, Plaintiffs are entitled to recover from Defendant, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

50. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

51. At all relevant times to this action, Plaintiffs are covered, non-exempt employees

within the meaning of the FLSA.

52. Defendant were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

53. Defendant failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

54. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

55. Due to Defendant's willful violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL – Unpaid Minimum Wages, N.Y. Stat. § 650 *et seq*.)

56. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

57. Defendant willfully and intentionally failed to compensate the Plaintiffs with the applicable minimum hourly wage in violation of the NYLL §650 *et seq*.

58. Defendant has failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiffs.

59. Due to Defendant's violations of the NYLL, Plaintiffs are entitled to recover from Defendant, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, in an amount to be determined at trial, pursuant to the NYLL § 663.

## FOURTH CLAIM

**(NYLL – Unpaid Overtime Wages)**

60. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

61. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

62. Under the NYLL and supporting NYDOL Regulations, Defendant is required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

63. Defendant failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

64. Defendant willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

65. Due to Defendant's willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**FIFTH CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

66. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

67. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

68. In violation of NYLL §195 (1), Defendant failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

69. By failing to provide wage notices and statements disclosing Plaintiff's non-exempt status, regular hourly rate, overtime rate, and hours worked, Defendant prevented Plaintiff from identifying unpaid overtime, thereby depriving Plaintiff of overtime wages they otherwise would have been able to claim.

70. Due to Defendant's violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## SIXTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

71. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

72. With each payment of wages, Defendant failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

73. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## SEVENTH CLAIM
### (NYLL – Unlawful Deductions from Wages)

74. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

75. At all relevant times, Defendant were Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

76. NYLL § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

77. Defendant unlawfully misappropriated a portion of Plaintiffs' tips that were received from customers.

78. Defendant knowingly and intentionally retained a portion of Plaintiffs' tips in violations of the NYLL and supporting Department of Labor Regulations.

79. Due to Defendant's violations of the FLSA, Plaintiffs, on behalf of themselves and the Class, have suffered damages in an amount to be determined at trial, are entitled to recover from Defendant, jointly and severally, such amounts, liquidated damages, prejudgment and post judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

## EIGHTH CLAIM
### (Unlawful Wage Deductions Under the FLSA)

80. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

81. Defendant has made unlawful deductions and required kickbacks from Plaintiffs' wages, including but not limited to, deductions from Plaintiffs' tips that were received from customers.

11

82. The deductions made from Plaintiffs' wages have not been authorized or required by law.

83. The deductions made from Plaintiffs' wages have not been expressly authorized in writing by Plaintiffs, and have not been for Plaintiffs' benefit.

84. Through their knowing or intentional efforts to permit unauthorized deductions from Plaintiffs' wages, Defendant has willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

85. Due to Defendant's willful violations of the FLSA, Plaintiffs are entitled to recover from Defendant the amounts of any unlawful deductions, liquidated damages as provided for by the FLSA, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully requests that this Court enter a judgment:

a. declaring that Defendant violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

b. declaring that Defendant violated the notice statement pay provisions of the NYLL and WTPA;

c. declaring that Defendant violated the tip theft provisions of the NYLL and the NYDOL regulations;

d. awarding Plaintiffs unpaid minimum wages;

e. awarding Plaintiffs unpaid overtime wages;

f. awarding Plaintiff unpaid tips;

g. awarding unpaid wages under New York State law for failure to pay timely wages;

h. awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

i. awarding Plaintiffs statutory damages as a result of Defendant's failure to furnish accurate wage notice pursuant to the NYLL;

j. awarding Plaintiffs pre- and post-judgment interest under the NYLL;

  k. awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

  l. Such other relief as this Court deems just and proper.

Dated: New York, New York
   December 12, 2025

                Respectfully submitted,

              By: /s/ Joshua Levin-Epstein
                Joshua Levin-Epstein
                Eunon Jason Mizrahi
                Levin-Epstein & Associates, P.C.
                420 Lexington Avenue, Suite 2458
                New York, NY 10170
                Tel. No.: (212) 792-0046
                Email: Joshua@levinepstein.com
                *Attorneys for the Plaintiffs*